GINTY v. NEW HAVEN IRON & STEEL CO.

(Circuit Court of Appeals, Second Circuit.    March 25, 1907.)

No. 180.

MASTER AND SERVANT—INJURIES TO SERVANT—DUTY TO WARN—QUESTION FOR
JURY.

In an action for injuries to a servant by the explosion of certain molten iron he was assisting to roll, evidence *held* to require submission to the jury of defendant's negligence in failing to properly warn plaintiff of the danger.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1044–1050.]

In Error to the Circuit Court of the United States for the District of Vermont.

See 143 Fed. 699.

This cause comes here upon appeal from a judgment of the Circuit Court, District of Connecticut, in favor of defendant in error, which was defendant

below. The action was brought to recover damages for personal injuries sustained in defendant's mill, while plaintiff was employed in the handling, with an iron hook, of some hot iron which had been taken from a furnace and run through the roughing rolls. At the close of plaintiff's testimony, defendant put in no testimony, but moved for a direction of verdict in its favor. The motion was granted.

J. T. Smith, David E. Fitzgerald, and Walter J. Walsh, for plaintiff in error.

P. W. Chase and R. J. Woodruff, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The operation which was being conducted was the heating and rolling of a box pile. A box pile apparently consists of a collection of pieces of scrap iron inclosed by four slabs so as to form a sort of boxlike structure held together by wires. This is heated in a furnace, and when nearly molten is brought out and run, one or more times, through rollers, which operate to transform it into a sheet or bar. The plaintiff testified that on the occasion in question, after the iron had been through the rolls for the first time, and while he was about to lift it to put it back again, "the iron exploded" and "he got burned all over and lost his eye." The plaintiff, a young man of 19, had been employed in similar mills for a considerable time, but in rolling box piles for five weeks only. For five months prior to that he had worked at rolling puddle balls, which consist of iron in a different condition from that of box piles.

The complaint contained two different specifications of negligence. It averred that it "was a reasonable precaution for the safety of the men employed in handling the molten mass to have a very careful and rigid inspection made of the scrap iron while it was being formed into the piles, and before it was put into the furnace, in order to detect the presence of any substance which, when coming in contact with the rollers after coming from the furnace, would be likely to cause the molten iron to explode." The answer, referring to this part of the complaint, admitted "that it might be considered a reasonable precaution, for the safety of the men employed in the same occupation as was the plaintiff, to have an inspection made of the scrap iron," etc. The complaint further averred that on the date of the accident defendant failed to make a reasonably careful inspection of the scrap iron, and failed to discover the existence in the molten mass of dirt, slag, cinder, or other foreign substances, and failed to make any inspection whatever of the pile of scrap iron. These averments were denied in the answer, which averred specifically that defendant "did take such reasonable precaution to inspect the scrap iron at all times, and did at the time the plaintiff claims to have received his injuries." The evidence did not show any failure to provide for an inspection of the scrap iron, and the court's attention at the time motion for verdict was made seems to have been entirely directed to the charge of "negligence, in that there was no inspection." If this were all of the case, we should be inclined to affirm the judgment; but there is another branch of it which seems to have been overlooked. It is conceded by the answer that, in the rolling of box piles, it will sometimes occur

that the molten mass will explode and scatter about. The answer avers that plaintiff well knew that such result might happen. The complaint avers that he was inexperienced in the business, and was "never informed, warned, or instructed concerning the same," which latter averment is denied in the answer.

Upon a careful examination of the testimony, we have reached the conclusion that there was sufficient, in the absence of further proof, to warrant the jury in finding that there was a liability to some misbehaviour of the iron when box piles were being rolled, which was more serious than the ordinary spark throwing which would be observed in a few hours experience at the work. That there was some hidden imperfection which only manifested itself occasionally, and which a man who had worked elsewhere in the mill might not discover in a brief experience at the box-pile rolls, and of which he might take precautions to avoid the consequences, if warned that it might be expected. Plaintiff testified he had not been warned or instructed. We think it best not to discuss the testimony at any greater length, because upon a new trial the case may present an entirely different aspect. The two witnesses to the accident were unintelligent, and proof was taken under such a multitude of objections, many of them quite unimportant, that it must have been difficult at the close of the case for any one to tell what had, and what had not, been proved. Had the defendant put in its own testimony, and explained by older, more experienced, and intelligent workmen the various processes, experiences, and results in the treatment of box piles, puddle balls, and other varieties of molten iron, a different situation might have been shown. It is sufficient to say that, when defendant elected not to put in any testimony, there was evidence, unsatisfactory indeed, and not especially persuasive, but sufficient to call upon defendant for an explanation of the conditions existing at the time of the accident.

The judgment is reversed.